**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GAMLET MURADIAN,

Petitioner,

v.

FERETI SEMAIA, ETC., ET AL.,

Respondents.

No. ED CV 26-4604-E

ORDER FOR ENTRY OF JUDGMENT

On August 13, 2026, Petitioner, then an immigration detainee, filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition"). The Petition prayed for immediate release from immigration detention.

On August 14, 2026, the Court denied Petitioner's "Emergency Ex Parte Application for Temporary Restraining Order Preventing Immediate Removal." As the Court then stated, "The Court may not properly enjoin or delay removal based on Petitioner's claim that his detention was unlawful. See 8 U.S.C § 1252 (g); Rauda v. Jennings, 55 F.4th 773, 776-77 (9th Cir. 2022); see also 8 U.S.C. § 1252(b)(9)."

On August 21, 2026, Respondents filed an Answer. The Answer reflects that Petitioner was removed from the United States on August 14, 2026. Petitioner failed to file a timely

Reply.

Petitioner's challenge to his former immigration detention, and his request for release therefrom, are moot. A federal court's jurisdiction is limited to cases or controversies. U.S. Const. art. III, § 2; see also Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Calif. v. United States, 506 U.S. 9, 12 (1992) (citations and quotations omitted). The "case and controversy" requirement demands that the parties continue to have a personal stake in the outcome of a federal lawsuit through all stages of the judicial proceeding. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "This means that, throughout the litigation, the [party seeking relief] must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. (citation and quotations omitted). Petitioner no longer is in immigration detention. Thus, the Petition no longer presents a live controversy. See United States v. Geophysical Corp., 732 F.2d 693, 698 (9th Cir. 1984) ("A claim is moot if it has lost its character as a present, live controversy."); see also Machuca-Tellez v. Holder, 388 Fed. App'x 609, 610 (9th Cir. 2010) (section 2241 petition challenging immigration detention mooted by petitioner's removal from the United States); Carpio v. Dep't of Homeland Sec., 2020 WL 7418966, at *1 (C.D. Cal. Mar. 13, 2020) (same).

Accordingly, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 25, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE